UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
01 MAR -8 PM 3: 57
U.S. DISTRICT COURT
N.D. OF ALABAMA

TONYA GOLDEN,                    )
on behalf of herself and all    )
others similarly situated,      )
                                 )
          Plaintiff,             )
                                 )
vs.                              )    Civil Action No. CV-98-S-2565-NE
                                 )
CREDIT BUREAU OF HUNTSVILLE      )
and HOLLOWAY CREDIT BUREAU       )    ENTERED
COMPANIES,                       )
                                 )    MAR - 8 2001
          Defendants.            )

MEMORANDUM OPINION

This matter is before the court on the mandate of the United
States Court of Appeals for the Eleventh Circuit for the sole and
limited purpose of entering an order articulating the basis for the
court's previous denial of plaintiff's motion for a supplemental
award of attorney fees for time spent in preparing the original
motion for attorney fees.  Following the issuance of the Eleventh
Circuit's opinion, plaintiff filed a second motion for a
supplemental award of attorney fees.  For the reasons set forth
below, plaintiff's motion for a supplemental award of attorney fees
and second motion for a supplemental award of attorney fees are due
to be denied.

On August 24, 1999, this court entered an order granting final
approval of class settlement and dismissal of the defendant.  In
that order, plaintiff was directed to apply to the court for an
award of costs and reasonable attorney fees within fourteen days of

the order.

On September 7, 1999, plaintiff filed a motion for an award of attorney fees, seeking a total of $23,974.75 in fees and $2,174.94 in costs.  In her motion, plaintiff indicated that she would submit a supplemental declaration in support of fees incurred for the preparation of the motion for an award of attorney fees following the completion of briefing.

On September 22, 1999, defendants filed objections to plaintiff's request for attorney fees, contending that both the hourly rate requested for work performed by O. Randolph Bragg and the number of hours expended were unreasonable.

On October 8, 1999, this court entered an order granting plaintiff leave to file a reply brief in support of her motion for an award of attorney fees, and directing defendants to respond to the arguments set forth in the brief by October 20, 1999.  The court further noted that plaintiff had indicated in her brief in support of her motion for an award of costs and attorney fees that she would submit a supplemental declaration for an award of attorney fees based upon time spent preparing the motion and briefs in support of the original claim for costs and attorney fees.  In that regard, the order explicitly stated "[a]side from this declaration and any response by defendants, no further submissions will be accepted by the court, absent exigent circumstances."

On November 3, 1999, this court entered an order granting in

2

part and denying in part plaintiff's motion for an award of costs and attorney fees, and awarding plaintiff attorney fees in the amount of $16,811.25 and costs in the amount of $1,660.74.

On November 17, 1999, plaintiff filed a motion to reconsider the award of costs and attorney fees. This motion was denied by the court on November 18, 1999.

Also on November 17, 1999, plaintiff filed a motion for a supplemental award of attorney fees seeking fees in the amount of $5,194.50 for the time spent on the motion for attorney fees. This motion was denied by the court on November 18, 1999.

On December 8, 1999, plaintiff filed a notice of appeal to the United States Court of Appeals for the Eleventh Circuit, appealing this court's orders denying plaintiff's motion for a supplemental award of attorney fees and denying plaintiff's motion to reconsider the award of costs and attorney fees.

On July 14, 2000, the United States Court of Appeals for the Eleventh Circuit issued its mandate in this matter, affirming this court's order in part and vacating and remanding in part. Specifically, the Eleventh Circuit remanded this action for the court to provide the reasons for its denial of plaintiff's supplemental motion for attorney fees.

On July 17, 2000, this court entered an order directing the parties to submit anything further to the court no later than July 31, 2000, and any response by August 11, 2000.

On July 31, 2000, plaintiff submitted a motion for supplemental award of attorney fees, again seeking fees related to preparation of the original motion for attorney fees. Additionally, plaintiff seeks fees for hours expended on the appeal to the United States Court of Appeals for the Eleventh Circuit.[1] On August 14, 2000, defendants filed a response and opposition to plaintiff's motion for a supplemental award of attorney fees, asserting that the district court is not authorized to award attorney fees for appellate work and that plaintiff was required to have submitted an application for fees on appeal to the Eleventh Circuit within fourteen days of the issuance of its opinion. Additionally, defendants contend that it is within the district court's discretion to award attorney fees for hours expended in the preparation of the original motion for attorney fees, and that plaintiff's request for such fees was unreasonable and should be denied or, in the alternative, reduced.

Defendants correctly argue that, under Eleventh Circuit precedent, this court may not award fees for appellate work. *See Mills v. Freeman*, 118 F.3d 727 (11th Cir. 1997); *Davidson v. City of Avon Park*, 848 F.2d 172 (11th Cir. 1988); *Wyatt v. Sawyer*, 67

---

[1]Plaintiff seeks fees for 8.9 hours expended for appellate work by A. Deloach Stewart, 39.3 hours expended by O. Randolph Bragg, and 0.5 hours expended by Michael Kelly, a law clerk for Mr. Bragg's firm. Due to the limited success obtained at the Eleventh Circuit, plaintiff reduced her request by 50% for hours expended in the appeal of this court's order. Plaintiff requested a total of 11.15 hours for Mr. Stewart (6.7 hours expended on the fee petition and 4.45 hours expended on appellate work), 35.25 hours for Mr. Bragg (15.6 hours expended on the fee petition and 19.65 hours expended on appellate work), and 0.5 hours for Mr. Kelly (expended on appellate work). Plaintiff also seeks $308.67 in costs relating to appellate work.

F.Supp.2d 1331 (M.D. Ala. 1999). Accordingly, plaintiff's request for fees expended in connection with her appeal to the Eleventh Circuit of the denial of the fee petition is denied.

Moreover, as ordered by this court on November 18, 1999, plaintiff's motion for a supplemental award of attorney fees is denied. The award of attorney fees for time spent preparing a fee petition is within the court's discretion. *See Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir. 1979).[2] Here, plaintiff's first motion for a supplemental award of attorney fees, filed November 17, 1999, sought $5,194.50 for hours expended preparing the fee petition.[3]

On November 3, 1998, this court issued an order reminding the parties of their obligations under Federal Rule of Civil Procedure 26, and directing that the parties submit time records in support of an award of attorney fees by the 15th of the month for work done the previous month: *see* Document No. 5 (a copy of which is attached). This order further warned that "**[f]ailure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.**" *Id.* at 4 (emphasis in

---

[2] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981)(*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit handed down prior to the close of business on September 30, 1981.

[3] In her initial motion for a supplemental award of attorney fees, plaintiff sought fees for 6.7 hours for time expended by Mr. Stewart in preparation of the fee petition at the rate of $135 per hour, and 15.6 hours for Mr. Bragg at the rate of $275 per hour, for a total of $5,194.50. Using the rates determined as reasonable by the court in its order of November 3, 1999, of $135 per hour for Mr. Stewart, and $185 per hour for Mr. Bragg, this would have been a total of $3,790.50.

original).  While plaintiff made timely filings in support of an award of attorney fees during the pendency of this proceeding, she failed to do so in support of her request for a supplemental award.

In its order of August 24, 1999, this court ordered plaintiff to apply to the court for an award of costs and reasonable attorney fees within fourteen days.  Plaintiff stated in her motion for an award of costs and attorney fees, filed with the court on September 7, 1999, that she would seek a supplemental award for costs and fees for the attorney fee petition upon completion of the briefing, and this court provided her the opportunity to do so in its order of October 8, 1999.  While plaintiff's briefing was completed as of October 8, 1999, she did not submit a motion for a supplemental award of attorney fees until November 17, 1999, approximately six weeks after briefing was completed and two weeks after this court entered an order awarding attorney fees and costs.  While no specific deadline controlled the submission of plaintiff's motion for a supplemental award, plaintiff's delayed submission was unreasonable.[4]  Plaintiff has offered no justification for her

---

[4]Federal Rule of Civil Procedure 54(d)(2)(B) provides, in pertinent part, that "[u]nless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment; must specify the judgment and the statute, rule, or other grounds entitling the moving party to the award; and must state the amount or provide a fair estimate of the amount sought."  *Fed. R. Civ. P.* 54(d)(2)(B).  Plaintiff filed her motion for supplemental award of attorney fees within fourteen days of the court's November 3, 1999, order.  However, Rule 54(d)(2)(B) is inapplicable, as this action was before the court solely for the determination and award of reasonable attorney fees, as provided in the settlement agreement.  There was thus no reason for the plaintiff to await the court's order prior to submitting her motion for a supplemental award of attorney fees incurred in the preparation of the initial motion for award of attorney fees.  Indeed, plaintiff's delayed filing of the motion for supplemental award contravenes the purpose of Rule 54(d)(2)(B): "Prompt filing affords an opportunity for the court to resolve fee disputes

untimely submission.

For the foregoing reasons, plaintiff's motion for a supplemental award of attorney fees is due to be denied. Additionally, plaintiff's second motion for a supplemental award of attorney fees, in which she again sought fees incurred in the preparation of the fee petition, and fees and costs incurred for appellate work, is due to be denied. A separate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 8th day of March, 2001.

_____
United States District Judge

---

shortly after trial, while the services performed are freshly in mind." Fed. R. Civ. P. 54 advisory committee's note. While this action was settled, rather than tried, the same rationale applies.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
NOV 3 98 OCT 33 AM 8:31

U.S. DISTRICT COURT
N.D. OF ALABAMA

TONYA GOLDEN, on behalf of )
herself and all others
similarly situated, )

    Plaintiffs, )

vs. )                              CV98-S-2565-NE

CREDIT BUREAU OF HUNTSVILLE )
AND HOLLOWAY CREDIT BUREAU
COMPANIES, )

    Defendants. )

ENTERED

NOV 0 3 1998

## ORDER (RULE 26)

The parties are reminded of their obligations under Fed.R.Civ.P. 26(f) and LR 26.1(d). If the parties are unable to agree upon a time and place for the required meeting, the meeting shall be held at 10:00 a.m. on the last Friday falling within the 45-day term in the chambers of the undersigned judge in the Federal Courthouse, 101 Holmes Avenue, Huntsville, Alabama. If such room is to be used, counsel should telephone chambers (256-533-9490) at least seven days prior to the meeting to advise the court. If a party is proceeding without counsel, the obligation to telephone chambers rests on counsel for the opposing party.

The court expects a report of the parties' planning meeting AS TO THE CLASS ACTION ALLEGATIONS in the general format of USDC ND Ala Form 35 or Fed. R. Civ. P. Appendix Form 35 to be signed and filed with the clerk of court jointly by the parties within 10 days after the meeting. Should there be an item as to which the parties disagree, the positions of the parties as to that item should be set forth in separate paragraphs. The court normally will enter a scheduling order following the filing by the parties of the report

5

of their planning meeting without the necessity of a conference.

In addition to the matters required to be reported under the preceding paragraphs, the parties shall consider whether this action may be suitable for mediation under the court's Alternative Dispute Resolution Plan.  The result of those discussions shall be included in the report made to the court.

The parties are authorized to commence discovery pursuant to the terms of Rule 26, Fed.R.Civ.P., and LR 26.1 immediately after the required report has been filed.  In the event of a dispute between the parties regarding the sequence of depositions, plaintiff(s) shall be deposed before taking the deposition of defendant(s).

The parties to the litigation and the issues embraced in the litigation shall be as reflected by the pleadings on file 120 days after the action was commenced or, if removed to this court, 120 days after notice of removal.  Any defendant who has not been served with the summons and complaint within 130 days after the filing of the complaint will be dismissed, without further notice to the parties, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made.

If a party anticipates that during or upon the completion of this action it may for any reason (other than as a sanction under the Federal Rules of Civil Procedure) <u>seek an award of attorneys' fees</u> from the opposing party pursuant to any statute or other law, the party must comply with the following requirements as a precondition to any such award:

(a)  Counsel must maintain a separate record of time with a

2

complete and accurate accounting of all time devoted to this particular action (to the nearest 1/10 of an hour), recorded contemporaneously with the time expended, for each attorney and with sufficient detail to disclose the nature of the work performed in the action (i.e., not just "research" but the specific matter being researched; not just "conference" but identity of persons conferring and general subject matter of the conference); and

(b) Either file a copy of the time record referred to in (a) above or file a separately prepared document setting forth the information described in (a) above with the clerk of the Court by the fifteenth (15th) day of each month during the pendency of the action, for work done during the preceding month.

(c)   If a claim will be made for services performed by any person not a member of the bar, a separate time record shall be maintained for each such individual in accordance with (a) above and either a copy thereof or a separately prepared document setting forth the same information filed in accordance with (b) above.

(d)   The material to be filed under (b) and (c) above may be filed under seal, subject to further court order, by placing the same in a sealed envelope with the case name and number along with "ATTORNEY TIME RECORDS - FILE UNDER SEAL" written thereon.   However, if the material is filed under seal, then the filing party must, at the time of such filing, also file (and serve a copy thereof on opposing parties or their counsel) a document stating the total of the hours represented by the sealed filing, allocated as to total attorney hours and

3

total non-attorney hours included in the current filing under seal. Upon the conclusion of this case, without further order the seal will be lifted as to all materials filed under seal. **Failure to comply with these requirements will result in attorneys' fees being disallowed for the omitted period.**

In the interest of environmental concerns and to prevent a deluge of unnecessary copies, the parties are requested to submit only the original of all pleadings and briefs. The parties are further requested to file all pleadings and briefs in the Huntsville Divisional Office of the U.'S. Clerk's Office, 101 Holmes Avenue, Huntsville, AL 35801.

ORDERED this **30th** day of _October_____, 1998.

_____
United States District Judge

4

United States District Court
for the
Northern District of Alabama
November 3, 1998

* * MAILING CERTIFICATE OF CLERK * *

Re:  5:98-cv-02565

True and correct copies of the attached were faxed or mailed
by the clerk to the following:

A DeLoach Stewart, Esq.
JONES & TROUSDALE
PO Box 367
Florence, AL  35631-0367

O Randolph Bragg, Esq.
UAW GM LEGAL SERVICES PLAN
200 Continental Drive, Suite 212
Newark, DE  19713

L Tennent Lee III, Esq.
BURR & FORMAN LLP
400 Meridian Street, Suite 204
PO Box 2589
Huntsville, AL  35804

Walter A Dodgen Jr, Esq.
BURR & FORMAN LLP
400 Meridian Street, Suite 204
PO Box 2589
Huntsville, AL  35804